IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTWIAN MELVIN,                    :    CIVIL ACTION
                                   :    NO. 10-159
           Petitioner,             :
                                   :
      v.                           :
                                   :
COMMONWEALTH, et al.,              :
                                   :
           Respondents.            :

# O R D E R

**AND NOW**, this **3rd** day of **January, 2011,** upon a de novo review[1] of Magistrate Judge David R. Strawbridge's Report and Recommendation (doc. no. 4), Petitioner's Objections thereto (doc. no. 5), and Petitioner's Supplemented petition (doc. no. 7), it is hereby **ORDERED** that:

1. The Report and Recommendation (doc. no. 4) is **ADOPTED** and **APPROVED** to the extent consistent with this Order;[2]

---

[1]Section 636 of Title 28 of the U.S. Code governs the jurisdiction, power, and temporary assignments of United States Magistrate Judges. Subsection (b)(1) provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

[2]Melvin raises three objections to Judge Strawbridge's findings in the Report and Recommendation: (1) that Judge

Strawbridge erred in finding that his claims were procedurally defaulted; (2) that Judge Strawbridge erred in finding that his claims were time barred; and (3) that Judge Strawbridge erred in finding that Pennsylvania had the authority to prosecute him.

A. Standard for the Court to Summarily Dismiss a Habeas Petition

"A habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously [as] '[i]t is the policy of the courts to give a liberal construction to pro se habeas petitions.'" Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) (quoting United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)).

Habeas Corpus Rule 2(c) "provides that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" Mayle v. Felix, 545 U.S. 644, 655-56 (2005)(quoting Habeas Corpus Rule 2(c))(other citations omitted). "In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important. . . ." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469.

"A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Mayle, 545 U.S. at 655-656 (quoting § 2243). "Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." Mayle, 545 U.S. at 655-56 (quoting Habeas Corpus Rule 4).

On the other hand, petitioners can amend their petitions to provide supplemental facts until the State has been ordered to respond. "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any time during a proceeding." Mayle, 545 U.S. at 655-56 (citing Fed. Rule Civ. Proc. 15(a)). "Before a responsive pleading is served, pleadings may be amended once as a 'matter of course,' i.e., without seeking court leave." Mayle,

---

545 U.S. at 655-56 (citing Fed. Rule Civ. Proc. 15(a)). "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" Mayle, 545 U.S. at 655-56 (quoting Rule 15(c)(2)).

<u>B. While Judge Strawbridge Did Not Err in Finding Melvin's Claims to be Procedurally Defaulted, Melvin's Petition May Still be Reviewed.</u>

Melvin argues that his petition overcomes a procedural default because he filed his direct appeal to the Pennsylvania Supreme Court in the form of his "Petition for Dismissal Discharge for Want of Jurisdiction, For Writ of Habeas Corpus Ad Subjiciendum." The Court agrees with Judge Strawbridge's analysis that Melvin's claims are procedurally defaulted. However, a defaulted claim may still be reviewed.

"[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000) (quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991)). Therefore, the petitioner is required "to demonstrate cause for his state-court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim." Edwards, 529 U.S. at 451-53 (citing Coleman, 501 U.S. at 750). The "cause and prejudice" standard is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and applies alike "whether the default in question occurred at trial, on appeal, or on state collateral attack." Edwards, 529 U.S. at 451-53 (citing Murray v. Carrier, 477 U.S. 478, 490-92 (1986)).

Although the law of exactly what constitutes "cause" to excuse a procedural default is not precise, the Supreme Court has acknowledged that "in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice." Edwards, 529 U.S. at 451-53 (citing Murray, 477 U.S. at 488-89). "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards, 529 U.S. at 451-53 (citing Murray, 477 U.S. at 488-89).

In Melvin's habeas petition he raises the issue of ineffective assistance of counsel. He alleges that "[a]fter his

-3-

sentenc[ing he] contacted [his] lawyer (by mail and phone) on many occasions and asked him to put in appeal [sic] on my behalf and he never did." (Pet. 9.) In light of the case law above, counsel's alleged failure to file an appeal would constitute sufficient cause. The prejudice is obvious, as Melvin was unable to file an appeal and would now be procedurally barred from bringing his habeas petition.

While the Court agrees with Judge Strawbridge's conclusion that Melvin's petition is procedurally barred. However, in viewing the facts in the light most favorable to Melvin, the Court finds that Melvin's habeas petition can still be reviewed as he has met the cause and prejudice standard. Thus, based upon the above discussion, and as we read a pro se prisoner's habeas petition liberally, the Court finds that Melvin's petition cannot be summarily dismissed for being procedurally defaulted.

C. Judge Strawbridge Did Not Err in Finding that Melvin's Claims Were Barred by the Statute of Limitations.

Melvin argues that the statue of limitations began to run when his Pro Se Petition for Dismissal/Discharge for Want of Jurisdiction - In the Nature of Petition for Writ of Habeas" was denied by the Pennsylvania Supreme Court on January 9, 2009. Thus, as he filed this habeas petition on January 9, 2010, he met the deadline for the one year statutory period. He also argues that he showed due diligence by submitting the above petition to the Pennsylvania Supreme Court.

Melvin filed his habeas petition on January 9, 2010, and the Court agrees with Judge Strawbridge that the statute of limitations regarding Melvin's claims began to run on June 6, 2005. However, greater analysis is needed because the one-year deadline to file a habeas petition is subject to both statutory and equitable tolling. The one-year limitation is subject to both statutory and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). Statutory tolling for a federal habeas claim occurs in the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In determining whether a petition is "properly filed" for purposes of § 2244(d)(2), the Third Circuit follows a "flexible approach." Nara v. Frank, 264 F.3d 310, 315 (3d Cir.

2001). A "properly filed" application is one that is "submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Federal courts must defer to the State courts when they specifically rule that a petition is untimely as a matter of State law. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Melvin's "Pro Se Petition for Dismissal/Discharge for Want of Jurisdiction - in the Nature of Petition for Writ of Habeas Corpus Ad Subjiciendum" is a proper procedural device for bringing a challenge, in the Pennsylvania state courts, to his illegal confinement. See Commonwealth v. Isabell, 503 Pa. 2, 467 A.2d 1287, 1291 (1983). The Pennsylvania Supreme Court did not find that Melvin's petition was improperly filed. Commonwealth v. Melvin, 963 A.2d 1268 (Pa. 2009). Instead, the court granted Melvin's Application for Leave to File while simultaneously denying his petition. Id. Thus, Melvin is entitled to equitable tolling from the date he filed the application, November 5, 2008 until the Pennsylvania Supreme Court denied his petition on January 9, 2009.

Next, the Court determines if Melvin is entitled to equitable tolling for any other portion of the remaining four and a half years that ran without statutory tolling. "A 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (citing Pace, 544 U.S., at 418, 125 S.Ct. 1807 (emphasis deleted)). "The diligence required for equitable tolling purposes is 'reasonable diligence,'" Holland, 130 S.Ct. at 2562 (2010) (citing Lonchar, 517 U.S., at 326, 116 S.Ct. 1293).

In Holland, the Supreme Court held that equitable tolling should not be rigidly applied, but rather should be interpreted in line with "more general equitable principles." Further, the Supreme Court suggested that egregious unprofessional attorney conduct can satisfy the standard for "extraordinary circumstances." While extraordinary cases of serious misconduct by an attorney may constitute grounds for equitable tolling, tolling is not warranted for "a 'garden variety' claim of attorney negligence." Holland, 130 S.Ct. at 2564. Whether a particular situation warrants tolling must be made in a fact-specific, case-by-case determination. Id. at 2563.

2. Petitioner's Objections (doc. no. 5) are

   **OVERRULED**;

3. Petitioner's § 2254 habeas petition (doc. no. 1)

   will be **DENIED**.

   **IT IS FURTHER ORDERED** that a certificate of

---

Here, Melvin alleges only that his attorney in the state court proceedings did not file his state appeal after Melvin tried to contact him many times. As it was unclear if Melvin relied on information from his attorney which hindered him from diligently pursuing his rights in both Pennsylvania or federal courts, the Court granted Melvin leave to amend his habeas petition to include any additional information regarding his reliance on his allegedly ineffective counsel and/or to show that he exercised diligence in pursuing his rights. (doc. no. 6.); <u>see</u> Mayle, 545 U.S. at 655-56.

While Melvin has undertaken some steps in pursuing his claims by filing a petition with the Pennsylvania Supreme Court, he offers no reason for why he waited approximately three and a half years to do so. Under these circumstances, Melvin has not shown that he was pursuing his rights diligently or that there were "extraordinary circumstances" preventing him from filing a timely petition. Consequently, Melvin is not entitled to apply equitable tolling to the remaining four and a half years that he waited before filing. Thus, Melvin's habeas petition can be summarily dismissed as time barred because Melvin did not file his petition within the one year deadline.

D. Judge Strawbridge Did Not Err in Finding that Melvin's Claim that Pennsylvania Lacked Jurisdiction to Prosecute Him is Frivolous and Without Merit.

Melvin argues that the state court lacked jurisdiction to prosecute him because of the process by which the Constitutions of Pennsylvania of 1874 and/or 1968 was adopted. The Court agrees with Judge Strawbridge's analysis that this claim is frivolous and lacks any merit.

appealability[3] shall not issue and that this case shall be marked **CLOSED**.

**AND IT IS SO ORDERED.**

        S/Eduardo C. Robreno
    **EDUARDO C. ROBRENO, J.**

---

[3] A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.